JOHN W. RENOUD *vs.* MARY L. DASKAM AND OTHERS.

A lease for five years contained a covenant that "after the expiration of said term of five years the lessor will, if thereto desired by the lessee, make and execute to the lessee a lease of said premises for the further term of five years upon the same terms." Held that, to entitle the lessee to a renewal of the lease, it was necessary for him to declare his election before the expiration of the original term of five years.

The term of five years expired on the last day of March. The lessee remained in possession, and on the 2d day of April the lessor demanded possession and gave him notice to quit, upon which he stated his election to take a renewal of the lease and demanded the same. Held that he was too late, and that he was not entitled to relief in equity.

BILL in equity to compel the respondents to execute a lease to the petitioner. The facts were found by a committee.

The petitioner, on the 18th day of April 1862, leased of

one William Daskam a store in the town of Norwalk for a term of five years from April 1st 1862, at a yearly rent of $150, payable quarterly and at the expiration of each quarter. The lease, which was in writing and executed by both parties, contained a provision that if the lessee should neglect to pay the rent according to the terms of the lease it should thereupon expire and be determined and the lessor might re-enter without demand; and the following clause:— "the said William Daskam also further covenanting and agreeing that, after the expiration of said term of five years, he will, if thereto desired by the said Renoud, make and execute to the said Renoud a lease of the said premises for the further term of five years, upon the terms and conditions in this lease contained." It also contained a covenant that the lessee would deliver up the premises at the expiration of the tenancy.

The lessor died in 1864 and his title had become vested in the respondents, who were his heirs at law. During the continuance of the lease, and after the premises were owned by the respondents, the petitioner always had the money ready to be paid for the rent, on the days when it was due by the terms of the lease, but did not take it or send it to the respondents on the day it was due, but waited a day or two for them to send for it, which they generally did. If they did not go or send for it within a few days, the petitioner took or sent it to them. In all cases the respondents gave a receipt for the money, and accepted it as payment of the rent. On the 1st day of April 1867 the petitioner had the money ready for the rent as usual, but did not take or send it to the respondents, expecting that they would come or send for it, as they had usually done. On the 2d day of April, and sometime in the forenoon of that day, the respondents demanded of the petitioner the possession of the premises, and on his refusal to deliver them up, served upon him a legal notice to quit. Immediately thereafter, and before noon of the 2d of April, the petitioner sent the money for the rent to the respondents, but they refused to receive it, and it was brought back to him. Thereupon he immediately took the money to

the respondents, who were residing but a few rods distant from the leased premises, and made a tender of it in payment of the rent due on the 1st of April, but they refused to receive it, and the petitioner left it on the floor in the house for them. It was, after several hours, taken from the floor by the mother of the respondents, that it might not be lost, and placed in her bureau drawer, where it remained for about two or three months, when the respondent Mary L. Daskam took it and used it.   During the 2d day of April the petitioner told the respondents he wished and demanded a renewal of the lease; but this was not until after he had received notice to quit.   The respondents refused to give him a renewal.   On the next day, April 3d, the petitioner took to the respondents a lease which he had prepared and executed, dated the 1st day of April, 1867, and requested them to execute it, but they refused.   The petitioner has ever since continued in possession of the premises.   Proceedings in summary process were commenced by the respondents against the petitioner on the 2d day of April 1867.

On these facts the case was reserved for the advice of this court.

*L. Warner* and *Woodward*, for the petitioner.

1. We have not lost our right to a renewal of the lease, by delaying until the second day to demand it.   Such delay was not laches.   The lease provides for a renewal on demand, not " at " or " before " but " after " the expiration of the first term of five years.   The parties have not said within what time thereafter the demand shall be made, and the law provides that it shall be done in a reasonable time.   2 Greenl. Cruise, 25.   A delay of thirty-six hours was not unreasonable.   In cases of this kind equity does not consider time as of the essence of the contract.   It is never of the essence of the contract, except where the parties have made it so, or it arises from the nature and circumstances of the case. 1 Story Eq. Jur., §§ 775, 776 ; Adams' Equity, 89 ; 2 Greenl. Cruise, 30, 31, and note ; 1 Washb. Real Prop., 456.

2. If we have been negligent equity will relieve against a

forfeiture. *Walker* v. *Wheeler*, 2 Conn., 299; Story Eq. Jur., § 771; 2 Greenl. Cruise, 477; *Taylor* v. *Longworth*, 14 Peters, 172, 174. Equity will relieve even where the negligence of the tenant has occasioned loss to the landlord, provided compensation can be made. 2 Story Eq. Jur., § 771. *A fortiori* where it is not even claimed that any person has been injured by such delay.

*W. R. Smith,* for the respondents, cited *Roath* v. *Driscoll*, 20 Conn., 533; *Falls Village Water Power Co.* v. *Tibbetts*, 31 id., 165, 168; *Friar* v. *Grey*, 5 Eng. Law & Eq., 480; *Gregory* v. *Wilson*, 10 id., 133; *Hills* v. *Rowland*, 21 id., 434; *Grey* v. *Friar*, 26 id., 27; *Walters* v. *Northern Coal Mining Co.*, 35 id., 373; *Bayly* v. *Corporation of Leominster*, 1 Vesey Jr., 476; *Eaton* v. *Lyon*, 3 id., 690; *Allen* v. *Hilton*, 1 Fonbl. Eq., 432, note.

PARK, J. This case depends upon the construction that shall be given to that part of the lease executed between these parties, which is as follows: " The said William Daskam also further covenanting and agreeing, that after the expiration of said term of five years, he will, if thereto desired by the said John W. Renoud, make and execute to the said Renoud a lease of the said premises for the further term of five years, upon the terms and conditions in this lease contained."

The petitioner claims that this provision of the lease gave him a reasonable time after the expiration of the five years in which to express his desire for another term; while the respondents insist that it required that the optional right should be exercised on or before the termination of the five years. The lease is silent as to the time when the right may be exercised, and the petitioner infers that it exists after the five years expire, from the fact that the lessor covenants that he will execute another lease after that time, if thereto desired. But desired when? The lease does not answer the question. This covenant, construed literally, has reference solely to the act of the lessor, and not to the time when the

desire for another term may be communicated to him. The constructions given to it by both parties harmonize with the language used, and we must therefore consider other parts of the lease and the surrounding circumstances in order to ascertain the meaning intended by the parties.

It can hardly be supposed that the lessor intended to grant an optional right to take the premises for another term, that might be exercised after the five years should expire, for the lessee might decide at the last moment to vacate the premises, and the lessor would then be left not only without a tenant, but at an unseasonable time to obtain one. He would thus run the hazard of losing the rent of his premises for a year, and that too when the right to this extent could be of no practical benefit to the lessee; for it is hardly to be supposed that, with the right, he would delay till the close of his term before he fully determined whether he would stay longer or not.

Again, if this right existed after the expiration of the five years, it existed during a reasonable time after that event; for when a right is given, and no time is prescribed for its exercise, a reasonable time is allowed. It follows then that the lease extended not only during the period of five years, but during the reasonable time within which the right might be exercised, should the lessee delay his election till the last moment; for it can hardly be claimed that the parties intended that the premises should be vacated during such time, when the lessee might elect for another term. Now the lease is for a period of five years, with an annual rent at a fixed sum payable quarterly. This provision of the lease is at war with the construction that the petitioner gives to the covenant in question. Its proper meaning is that the respondent will give another lease of the premises for another term of five years, to commence from and after the expiration of the first term, if thereto desired. The phrase " after the expiration of said term of five years," must have reference to the commencement of the second term, and not to the time when the lease should be given; for if it has reference to the giving of the lease, how long after shall it be given ? and in that case

when will the second term commence? No time is specified for either, and both would be left in doubt and uncertainty. The petitioner neglected to express his desire for another term on or before the expiration of the five years, and we think cannot now require that another lease should be given.

There is nothing in the petitioner's claim of waiver. This is not a case of forfeiture for the non-payment of rent, but a case where the petitioner has neglected to perform the condition on which his right to another term depended.

We advise the superior court to dismiss the petition.

In this opinion the other judges concurred.