[Department Two.—February 7, 1883.]

HENRY GILMAN, RESPONDENT, v. ADAM BOOTZ, APPELLANT.

PLEADING—COMPLAINT—ANSWER—NONSUIT.—The complaint alleged that the defendant purchased of one Galvin certain real estate, and agreed to pay eight hundred dollars in gold coin therefor, but had only paid four hundred dollars. An assignment of the indebtedness to the plaintiff was also alleged. The answer admitted the purchase, but denied that the consideration was eight hundred dollars in gold coin, and averred the agreement to be that the defendant should pay four hundred dollars in money, and four hundred dollars in board and lodging. At the trial the plaintiff proved the assignment and rested. The defendant moved for a nonsuit on the ground that the plaintiff had failed to make out a case. The court denied the motion, and after hearing evidence on the part of the defendant and in rebuttal, rendered a judgment in favor of the plaintiff as demanded in the complaint. *Held*, that the answer put in issue the allegations of the complaint as to the terms of the agreement, and that the motion for a nonsuit should have been granted.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

*C. J. Beerstecher*, and *F. J. Castelhun*, for Appellant.

*George W. Tyler*, for Respondent.

PER CURIAM.—The court below must have denied the motion for a nonsuit on the ground that the answer failed to deny the allegations of the complaint, except as to the assignment to the plaintiff. In so construing the answer the court misconceived its meaning. The answer denied that the sale was for eight hundred dollars in gold coin, as alleged in the complaint, and then proceeded to aver that the contract of sale was for four hundred dollars in money, and four hundred dollars to be paid in boarding the plaintiff. This was in legal effect to deny that the sale was for eight hundred dollars, or on any other terms than as set forth in the subsequent averments of the answer above stated. When, then, the plaintiff only offered the assignment to him and rested, he had offered no evidence to establish the main allegation of his complaint, and the nonsuit should have been granted.

Nothing which subsequently occurred on the trial removed the injury done by this error, and the judgment and order must be reversed, and the cause remanded. So ordered.