[No. 15701.    Department Two.—March 8, 1895.]

# P. K. SHAMP, APPELLANT, v. J. P. WHITE, RE-SPONDENT.

UNLAWFUL DETAINER—PLEADING—ISSUE AS TO LEASE.—In an action for unlawful detainer, brought under subdivision 1 of section 1161 of the Code of Civil Procedure, where the complaint avers defendant's entry under a lease pleaded not in precise words, but by its legal effect, an answer denying the making of the lease pleaded in the complaint, and affirmatively setting forth in full the contract between the parties, is sufficient to present issues for determination.

ID.—CONTRACT FOR RENEWAL OF LEASE—NOTICE OF OPTION TO RENEW.—Where the contract between the parties is for a renewal as distinguished from an extension of the lease, it is incumbent upon the lessee desiring to exercise his option for renewal to give notice of his election before the expiration of the original term.

ID.—INADMISSIBLE EVIDENCE OF NOTICE—RECITAL ON LETTER FROM TENANT TO LANDLORD.—Where the evidence is conflicting as to whether notice of intention to renew the lease was given to the landlord prior to the expiration of the original term, a letter written by the tenant after the expiration of the original term giving notice of his intention to continue possession, and reciting the fact that the landlord had been informed of such intention, is hearsay, and inadmissible as to the fact so recited, and the admission of it in evidence to prove prior notice to the landlord is prejudicial error.

APPEAL from a judgment of the Superior Court of Napa County.

The facts are stated in the opinion of the court.

*F. E. Johnston,* for Appellant.

The instrument in question is a lease. (*Walls* v. *Preston,* 25 Cal. 59.) It is for a term of but one year. (*Young* v. *Dake,* 5 N. Y. 463; 55 Am. Dec. 356.) It contemplates the making of a new lease, and not a holding under the old one for the new term. (6 Lawson's Rights, Remedies, and Practice, 463; *Cunningham* v. *Pattee* 99 Mass. 248; *Delashman* v. *Berry,* 20 Mich. 292; 4 Am. Rep. 392.) The renewal was to be upon condition that the lessees performed their covenants, which was a condition precedent. (*Behrman* v. *Barto,* 54 Cal. 131; *Bradford* v. *Patten,* 108 Mass. 153; Gear's Landlord and

Tenant, sec. 102.)    The option of a privilege to re-
new is to be exercised during the term granted; other-
wise he has no rights against the lessor. (Lawson's
Rights, Remedies, and Practice, sec. 2833; *Spear* v.
*Orendorf.* 26 Md. 37; *Renoud* v. *Daskam*, 34 Conn. 512;
*Thiebaud* v. *First Nat. Bank*, 42 Ind. 212.)

*T. B. Hutchinson*, for Respondent.

When a fact, contract, or instrument is denied as al-
leged in a pleading, and then the fact or instrument is
pleaded and set out in full in different terms, the allega-
tions are sufficiently denied. (*McGlynn* v. *Moore*, 25
Cal. 393; *Murphy* v. *Napa County*, 20 Cal. 497; *Miller*
v. *Brigham*, 50 Cal. 615; *Gilman* v. *Bootz*, 63 Cal. 120.)
The tenant having continued in the possession of the
property after the expiration of the first term of the
lease, thereby exercised his election to take the prem-
ises for another term. (*Kelso* v. *Kelly*, 1 Daly, 419; 12
Am. & Eng. Ency. of Law, 1008.)

HENSHAW, J.—Action for unlawful detainer, brought
under subdivision 1 of section 1161 of the Code of Civil
Procedure.

The appeal is from the judgment. Exception is taken
to the decision on the ground that it is not supported
by the evidence. The evidence and the rulings com-
plained of are presented by bill of exceptions.

The complaint averred defendant's entry under a
lease which which was pleaded not in precise words, but
by its legal effect. The answer denied the making of
the lease pleaded in the complaint, and affirmatively
set forth in full the contract between the parties. This
was sufficient to present issues for determination. (*Mur-
phy* v. *Napa County*, 20 Cal. 497; *Gilman* v. *Bootz*, 63
Cal. 120.)

The findings of the court are neither inconsistent nor
contradictory. They declare against the lease and the
holding pleaded in the complaint, and in favor of the
instrument and possession set up in the answer.

By the indenture plaintiff leased a farm to defendant " for the term of one year from November 16, 1892, to November 16, 1893, with the privilege of renewal of this lease for one year at the same terms at the pleasure of the party of the second part." The contract here expressed was one for a *renewal of the lease,* and not one for an *extension of the term,* despite the language subsequently used—" at the expiration of this lease, if not *extended* as heretofore mentioned, the party of the second part will quit," etc. The distinction becomes important for this reason: Being a lease with a privilege of renewal, it was incumbent upon the lessee desiring to exercise his option to give notice of his election before the expiration of the original term; while, if the lease had provided merely for an extension, his remaining in possession (no specific form of notice having been required) would have been sufficient notification of his decision. (*Renoud* v. *Daskam,* 34 Conn. 512; *Delashmam* v. *Berry,* 20 Mich. 292; 4 Am. Rep. 392; 1 Taylor on Landlord and Tenant, sec. 332; 2 Wood's Landlord and Tenant, 2d ed., 947; 6 Lawson's Rights, Remedies, and Practice, sec. 2833.)

The trial court treated the contract as one providing for renewal, and found that defendant notified plaintiff of his intention to remain for another year upon the fifteenth day of October, 1893, before the expiration of the original term. Upon this finding, as upon others attacked, the evidence is conflicting, and, under the rule, it will not be disturbed.

Defendant remained in possession after November 16, 1893, and swore that he gave oral notice of his intention to plaintiff before that date. This plaintiff and her daughter strenuously denied. In support of his contention defendant offered in evidence a communication addressed by him to plaintiff, admittedly written and delivered after the expiration of the first year's tenancy. So much of it as is pertinent to this consideration is as follows:

"MRS. P. K. SHAMP: You will please take notice, and you are hereby notified, that, *as you have been informed,* I intend to continue possession of the property which you on the fifteenth day of November, 1892, leased to me, under and by virtue of the terms of said lease on that day executed, for another year."

Objection was made to the introduction of the writing, upon the ground that it was a mere declaration of defendant in his own interest after the fact, and, therefore, incompetent. The objection was overruled, and the document admitted by the court " as tending to show that prior to the sixteenth day of November, 1893, the defendant had elected to take the property for an additional term of one year, and of which the plaintiff had notice."

The writing was inadmissible for any such purpose. It was simply the declaration of a party in his own interest—mere hearsay. A litigant has never been allowed to bolster his cause by such evidence. As well permit a man to establish an alibi by proving statements made by him to others after the event as to his whereabouts upon the date in question.

But, as has been set forth, the matter of notice was vital to the case. The court, upon a conflict of evidence, found upon it in favor of defendant. For the purpose of reaching that decision it considered defendant's letter as part of his evidence, and for aught that can be told to the contrary, in view of the sharp conflict, that epistle may have been determinative of the proposition.

In any event, its admission was an error prejudicial to the substantial rights of plaintiff, and, for it, the judgment is reversed and the cause remanded.

MCFARLAND, J., and TEMPLE, J., concurred.