[Civ. No. 710. Second Appellate District.—March 10, 1910.]

SAN PEDRO SALT COMPANY, a Corporation, Respond-. ent, v. HAUSER PACKING COMPANY, a Corporation, Appellant.

CONTRACT TO FURNISH SALT ONE YEAR AT FIXED PRICE—OPTION TO RENEW—NOTICE AFTER YEAR INEFFECTIVE—REASONABLE VALUE.— Under a contract by which plaintiff agreed to furnish salt to defendant for one year at a fixed price, with the option to defendant to renew the contract for another year at the same rate, where the exercise of such option was delayed until thirty days after the expiration of the year, its exercise at that time was not effective; and notwithstanding such notice then given, plaintiff may recover the reasonable value of all salt thereafter furnished by plaintiff to defendant at its request, without regard to the original contract rate.

ID.—TIME FOR OPTION TO RENEW NOT STIPULATED.—Where a contract provides for its renewal at the option of a party thereto, without fixing the time when such option shall be exercised, the time for giving notice of such renewal cannot be extended beyond the date of the expiration of the contract.

ID.—RIGHTS CEASING WITH CONTRACT.—The right to renew, like other rights, must necessarily cease when there is no longer a contract under and by virtue of which to claim the privilege.

ID.—INVOICES OF SALT AT INCREASED PRICE—DISCLAIMER OF RENEWAL. Where all of the invoices of salt furnished by plaintiff to defendant after the expiration of the year, showed shipment at a greater price than that stipulated under the contract, they show that the plaintiff at all times disclaimed any renewal by defendant of the

contract, and afford ample evidence to defendant that plaintiff was furnishing salt only at the increased price.

APPEAL from an order of the Superior Court of Los Angeles County, denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, for Appellant.

B. W. Hahn, and Hahn & Hahn, for Respondent.

SHAW, J.—On August 26, 1905, plaintiff contracted in writing to deliver to defendant during the ensuing year two hundred tons of salt at the price of $5 per ton as therein stipulated. The contract contained a provision to the effect that the defendant should have the option to renew the agreement for a second year, but failed to specify the time within which defendant should elect to renew the agreement. By its terms the contract expired on August 27, 1906. Within the year following such expiration plaintiff delivered to defendant a certain amount of salt alleged to be of the reasonable market value of $2,525.50 and for the recovery of which, less payments made, this suit was instituted. Defendant claims that, pursuant to the provisions of the agreement according such right, it renewed the contract under which it was entitled to the salt so delivered at the price specified therein.

The court found there was no renewal of the contract, and gave judgment against defendant for the value of the salt. Defendant's motion for a new trial was denied, and it appeals from the order denying the same.

The evidence clearly tends to prove that defendant did not elect to renew the contract prior to its expiration on August 27, 1906. Appellant contends, however, that as the contract fixed no time when it should exercise its option to renew, it had a reasonable time after the expiration thereof within which to act, and that it did, by letter, within thirty days after its expiration, notify plaintiff of its election to renew the contract. Where a contract provides for its renewal at the election of one party thereto without fixing the time when such option shall be exercised, the time for giving notice of

such renewal cannot be extended beyond the date of the expiration of the contract. The right to renew, like other rights, must necessarily cease when there is no longer a contract under and by virtue of which to claim the privilege. (*Shamp* v. *White,* 106 Cal. 220, [39 Pac. 537]; *Renoud* v. *Daskam,* 34 Conn. 512; *Thiebaud et al.* v. *First Nat. Bank,* 42 Ind. 212.) Under the contract defendant was required to take the salt so purchased thereunder within one year after the date of the contract. It might with equal propriety insist that it had a right to delivery of the salt within a reasonable time after the expiration of the year as to insist upon the right of renewal of the contract after it had expired.

Appellant claims that during the year following the expiration of the contract it ordered salt from respondent as it had previously done under the contract, and that in conversations with representatives of the salt company it insisted that such purchases were made at the price stipulated in the contract. Conceding this to be true, it is clear that plaintiff never assented to the sale at such price of the salt so ordered by defendant. On the contrary, the evidence clearly tends to show that plaintiff at all times disclaimed any renewal by defendant of the contract. The invoices, copies of which are brought up in the record, included a large number of shipments of salt. Copies of these invoices accompanied each shipment, and the price of $8.50 per ton inserted in such invoices afforded ample evidence to defendant that the price at which plaintiff was supplying the salt was greater than that of $5 per ton stipulated in the contract.

The alleged errors of law are all based upon rulings of the court in excluding certain questions asked by defendant on cross-examination of plaintiff's witnesses. We perceive no error in any of these rulings. None of the questions constituted proper cross-examination. Moreover, the most favorable answers to these questions could not have benefited defendant, and hence, if the rulings were improper, were not prejudicial to the defendant.

The order denying defendant's motion for a new trial is affirmed.

Allen, P. J., and Taggart, J., concurred.