[Civ. No. 1895.   First Appellate District.—June 16, 1917.]

## M. ROBERTSON, Appellant, v. J. S. DREW, Respondent.

LANDLORD AND TENANT—COVENANT FOR RENEWAL OF LEASE.—A covenant providing for the renewal of a lease at the option of the lessee imports the giving of a new lease; but where the option given is for an extension of the term, the lessee upon notice, if notice is required, or by remaining in possession, if no notice is required, is entitled to hold for the additional period.

ID.—CONSTRUCTION OF LEASE PROVIDING FOR RENEWAL—NOTICE OF ELECTION—RETENTION OF POSSESSION—TERM NOT EXTENDED.—A lease of premises for one year with the privilege of renewal for a further term is not extended for the further term of two years by the writing of a letter by the lessee to the lessor on the day of the expiration of the original term expressing the desire for such a renewal, notwithstanding the lessee thereafter continued in possession, where the lessor upon receipt of such letter made reply that if the lessee would call he would fix the matter.

ID.—TIME TO RENEW LEASE.—Where one desires to avail himself of the privilege of renewing or extending a lease he must exercise that right before the expiration of the original term.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

James H. Boyer, for Appellant.

E. M. Leonard, for Respondent.

KERRIGAN, J.—Plaintiff prosecuted this appeal from a judgment in favor of the defendant in an action on a lease to recover rent.

In August, 1913, plaintiff leased certain premises to the defendant for the term of one year from August 11, 1913, with the privilege to defendant of "renewing the lease" for a further term of from one to five years. On August 11, 1914, the defendant wrote a letter to the plaintiff stating in part that he had elected to take the premises for a further period of two years. On August 21st the plaintiff replied to this letter saying: "If you will call at the office we will fix you up." Defendant, however, did not call, but remained in the premises, paying the same rent as before, until the month of January following, when he gave up possession without the consent of the plaintiff. The premises remained unoccupied until August 14, 1916. It is sought in this action to recover an amount representing rent payable up to the date last mentioned under the claim that by the foregoing correspondence the lease had been renewed for the term indicated.

First in order of presentation and importance is the question whether the term of the lease was so extended.

There appears by the decided cases to be a clear distinction between the meaning of the expressions "renewing a lease" and "extending the term" thereof. A covenant providing for the renewal of a lease at the option of the lessee imports the giving of a new lease; but where the option given is for an *extension* of the term, the lessee upon notice, if notice is required, or by remaining in possession, if no notice is required, is entitled to hold for the additional period. But as to what is meant by the expression "renewal" of a lease in a given case may depend upon a reading of the whole instrument in which it occurs and upon the practical construction given to its provisions by the parties themselves. (*Shamp* v. *White*, 106 Cal. 220, [39 Pac. 537]; *Howell* v. *City of Hamburg Co.*, 165 Cal. 172, 174, [131 Pac. 130].) In the case under consideration the language of the contract is "renewal of the lease"; and moreover the practical construction given its provisions by the parties to it indicates quite plainly, we think, that a new lease was contemplated if the lessee availed himself of his option. In this connection it is significant that the lessee directed that the sum of one hundred dollars, which was held by the lessor as security for the faithful perform-

ance by the lessee of the covenants of the lease, be applied to the payment of the rent for the last two months of the term. In the letter of the defendant already referred to, written on August 11, 1914, he stated: "My lease dated August 11, 1913, for one year having terminated I desire a renewal of the same for two years, with an additional option of two years at the same rent"; and he then proceeds to ask that certain small structural changes in the premises be made, to be provided for in the "new contract," and closes the letter with a request that the plaintiff telephone him on receipt of the letter if he wishes to discuss the matter further. Ten days later the plaintiff replied saying, as above indicated, "In reference to renewing your lease, if you will kindly call at the office we will fix you up properly." We think these circumstances negative the theory that the parties understood that the defendant was entitled upon mere notice or by remaining in possession, to hold the premises for an additional period under the original lease.

Moreover, we think the lease had terminated before the letter relied upon by defendant was written. Where one desires to avail himself of the privilege of renewing or extending a lease, he must exercise that right before the expiration of the original term. (*San Pedro Salt Co.* v. *Hauser Packing Co.*, 13 Cal. App. 1, [108 Pac. 728].) Here, while the lease reads for one year from the eleventh day of August, 1913, to the eleventh day of August, 1914, the defendant was in possession of the premises when the lease was made, and the receipts for the rent, it appears, were made to run from the eleventh day of one month inclusive to the eleventh day of the next month exclusive. It would be difficult in the face of these circumstances to hold that the lease did not commence on the day of its date. In *McGlynn* v. *Moore*, 25 Cal. 384, at page 390, "to have and to hold . . . from the first day of July, 1859 . . ." rent "payable on the last day of each and every month . . ." was held to include the first day of July, the court saying: "The old rule was doubtless to exclude the day of the date in all cases where the holding was from a given date, but since the decision of *Pugh* v. *Duke of Leeds*, 2 Cowp. p. 714, [98 Eng. Reprint, 1323], the word 'from' has been construed as exclusive or inclusive as would best express the intention of the parties to be gathered from the whole instrument, the court holding that the word 'from' may in vulgar

use, and even in strict propriety of language, mean either inclusive or exclusive.''

In McAdam's Landlord and Tenant, volume 1, page 178, it is said: ''A lease which by its terms extends for one year 'from the date thereof,' the lessee going into possession on the day of its execution, will be deemed by practical construction of the parties to include the day of its execution, and the term will expire at midnight on the day preceding that date in the following year.''

For the foregoing reasons the judgment is affirmed.

Richards, J., and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 16, 1917.