[Civ. No. 6323. First Appellate District, Division Two.—July 9, 1928.]

F. W. BRAUN, Appellant, v. LEO G. MacLAUGHLIN COMPANY (a Corporation), Respondent.

John E. Biby and Harry C. Biby for Appellant.

W. J. Carr and A. G. Allen for Respondent.

PRESTON (H. L.), P. J., *pro tem.*—This is an action for declaratory relief under section 1060 of the Code of Civil Procedure. The case was tried by the court sitting without a jury and judgment was entered in favor of the defendant, from which judgment the plaintiff prosecutes this appeal.

The facts are, briefly, these: The plaintiff and·appellant is the owner of the Chamber of Commerce building, situate in the city of Pasadena. Said building was formerly owned by the Chamber of Commerce Building Company. On May 21, 1920, the Chamber of Commerce Building Company executed a lease to the defendant and respondent, Leo G. MacLaughlin Company, a corporation, covering a portion of this building, to be used for store purposes. Respondent went into possession under this lease. The lease was for a term of eight years, commencing on October 1, 1919, and ending September 30, 1927. On June 19, 1923, the said Chamber of Commerce Building Company, for a valuable consideration, endorsed on the back of the original lease the following option:

"In accordance with action taken at the regular meeting of the board of directors of the Chamber of Commerce Building Co. held June 19, 1923, an option is hereby granted the party of the second part herein for an additional lease of five years from September 30, 1927, at a monthly rental of $300.00.

"Dated June 19, 1923.

"CHAMBER OF COMMERCE BUILDING COMPANY.

"By WM. C. CROWELL, President.

"By LEO G. MACLAUGHLIN, Secretary."

On the said nineteenth day of June, 1923, the Chamber of Commerce Building Company accepted the offer of one Louis Conrad to purchase said property covered by said lease, and at the request of the purchaser, the conveyance was made to the. Angelus Realty Company, and through mesne conveyances, the title to the building was conveyed to appellant. The respondent, at all times since the making of the original lease, has occupied and used the premises.

The appellant and his immediate and mesne grantors, at and prior to their respective purchases, knew of the existence of said lease and said option.

On January 2, 1925, appellant wrote respondent the following letter:

"January 2, 1925.

"Leo G. MacLaughlin Co.,

"Pasadena, California.

"Gentlemen:

"As I think you know, I am, and have been for some months past, the owner of the Security Building at Colorado

and Broadway, Pasadena, of which building you are a tenant, being located on the ground floor, 119 East Colorado Street.

"In looking over the lease originally made between yourself, as lessee, and the Chamber of Commerce Building Company, as lessor, for a period expiring *December 30, 1927,* I note on the reverse thereof an option, dated *September 19th, 1923,* given you by the Chamber of Commerce Building Company, for a five year period after the expiration of your present lease, mentioned.

"Inasmuch as you have never exercised the option, mentioned, it, of course, cannot be binding in any way upon me as the present owner of this building and I hereby give you notice to this effect.

"Yours very truly,

"F. W. BRAUN."

Immediately upon the receipt of this letter, respondent, through its attorney, replied on January 6, 1925, in part as follows:

*"You are hereby notified that the Leo G. MacLaughlin Company intends to and hereby does exercise its option to continue its occupancy of the premises now occupied by it, and covered by said option for the term of five years from October 1, 1927, at the rate of $300 per month."*

Thereafter, and on January 22, 1925, a more formal notice was given appellant by respondent, as follows:

"Pasadena, Cal., January 22, 1925.

"Mr. F. W. Braun,

"2140 S. Main St.,

"Los Angeles, Calif.

"Dear Sir:

"You are hereby notified that the Leo G. McLaughlin Co. by resolution duly passed by its board of directors has decided to exercise the option which it holds covering the leasing of the premises now occupied by it in what was formerly known as the Chamber of Commerce Building, now known as the Security Building, in Pasadena, California, said option being dated June 19, 1923, and endorsed on the lease, copy of which lease and option we understand is in your possession and with which you are familiar.

"Under the terms of this option, we are given the right of an additional lease for a term of five years, commencing

September 30, 1927, at a monthly rate of $300 per month; the premises being that certain room on the ground floor of said building at 119 E. Colorado Street, Pasadena, and being the same quarters now occupied by us and having been occupied by us for more than five years last past.

. "If we are mistaken in our understanding that you have and are familiar with the copy of the lease and option, please advise us and a copy of the same will be furnished you promptly.

"We are prepared to execute a new lease in proper form, obliging ourselves for this additional term. Kindly prepare such a lease satisfactory to you at your early convenience and submit for our execution.

"Yours very truly,

"LEO G. MacLAUGHLIN CO.

"LEO G. MacLAUGHLIN, President.

"(Seal)       GEO. F. HOWELL, Secretary."

From the foregoing facts the trial court, among other things, found that "On January 22, 1925, the defendant elected to exercise, and did exercise, its option to have and take an additional lease of five years from the expiration of its then lease at a rental of three hundred dollars ($300) per month. Said election and exercise of said option was made by the defendant within a reasonable time."

Appellant first contends that the court erred in finding that respondent exercised the option in question. There is no merit in this contention; it is based entirely upon the wording of the notice of January 22, 1925, which says, "You are hereby notified that the Leo G. MacLaughlin Company . . . *has decided* to exercise the option . . . " Appellant claims that this is equivalent to respondent saying "it intends to" or "it will exercise the option at some future time." We think this an entirely too narrow and technical interpretation to be placed upon the language used in the notice. The word "decided" is defined by Webster's International Dictionary as meaning "resolved" or "determined." Any form of expression, showing a clear intention on the part of respondent to exercise its option on the precise terms stated in the option is sufficient. We think that the wording of the notice is amply sufficient to show a clear intention on the part of respondent to exercise the option in question. If, however, it be conceded that the

language of the notice of January 22d is defective or insufficient; still, the notice of January 6th is amply sufficient. There can be no question but that respondent served upon appellant an unqualified acceptance of the option, and when this was done, what was before an option became an executory contract for a continuance of the lease for five years from October 1, 1927, upon a monthly rental of $300.

■ Appellant further contends that the last paragraph of the notice of January 22, 1925, reading ''We are prepared to execute a new lease in proper form, obliging ourselves for this additional term. Kindly prepare such a lease satisfactory to you at your early convenience and submit for our execution,'' coupled with the testimony of Mr. MacLaughlin, the president of the respondent corporation, shows that the purported acceptance of the terms of the option by respondent does not meet the terms of the offer in the option, and, in effect, is a counter-offer and, therefore, a rejection of the offer contained in the option. We think this contention is without merit. The portion of the notice complained of, and the testimony of Mr. MacLaughlin, had reference solely to the *performance* of the contract that came into existence by the acceptance of the terms of the option; that is to say, the manner in which the newly created contract for the extension of the old lease for five years, should be carried out—it has reference to something that would necessarily have to be done *after respondent had exercised its option;* it was merely a suggestion of a convenient mode or manner of closing up the transaction. Respondent had already, in the first paragraph of this notice and in the notice of January 6, 1925, unqualifiedly exercised the option. A similar notice was involved in *Cates* v. *McNeil,* 169 Cal. 697 [147 Pac. 944], and the ruling there fully sustains our conclusion here.

■ Appellant next contends that the option is void for uncertainty and urges two points: (1) ''That the offer was for 'an additional lease' and the terms of the additional lease were not stated, except that it was to be for a period of five years at a rental of $300 per month,'' and (2) ''The failure to describe the property to which the additional lease relates, renders the option void.'' There are at least two answers to both of these contentions. In the first place, the pleadings do not raise this issue. Appellant, in his com-

plaint, treated the option as valid, but claimed that it could be withdrawn at any time before acceptance because of lack of consideration. In fact, this was the only issue raised by the complaint. Both parties, however, throughout the entire case have treated the option as valid. ■ The terms of the "additional lease," are fixed in the option at five years and the rental at $300 per month. It is clear that the other terms and conditions of the "additional lease" were to be the same as in the old lease for the option itself is written upon the reverse side of the old lease and refers to it, which contains the full terms and conditions and a particular description of the property, etc. The option is supported by a valuable consideration, and, to all intents and purposes, has the same effect as if it had been incorporated in the original lease itself.

■ Appellant next contends that the court erred in finding that respondent exercised said option within a reasonable time. No time limit is stated in the option. The option was granted on June 19, 1923; one year and seven months later, and in January, 1925, respondent exercised the option for an additional lease of five years from October 1, 1927. The original lease ran until September 30, 1927, more than four years from the date of the option, and two years and eight months after the option was exercised.

Under all these circumstances, we think the trial court was correct in finding that the option was exercised within a reasonable time. It is true that appellant offered evidence tending to show that the value of the leasehold had increased between the date of the option and the date it was exercised by respondent, but respondent also offered testimony to the effect that the rentals were about the same when the option was given and when it was exercised, so that was a disputed question of fact for the trial court to determine.

■ The rule is well settled that the question of what is a reasonable time depends in each case upon its own particular circumstances; it is primarily a question of fact for the determination of the trial court. (*Hoppin* v. *Munsey,* 185 Cal. 678 [198 Pac. 398]; *Smith* v. *Bangham,* 156 Cal. 359 [28 L. R. A. (N. S.) 522, 104 Pac. 689]; *Adams & McKee Land Co.* v. *Dugan,* 68 Cal. App. 226 [228 Pac. 681]; *Cambridge* v. *Ramser,* 43 Cal. App. 722 [185 Pac. 862];

*Luckart* v. *Ogden,* 30 Cal. 547; *Weatherbee* v. *Sinn,* 73 Cal. App. 98 [238 Pac. 134].)

■ Appellant further contends that the court erred in finding that said option was granted on the same terms and conditions as the original lease, except as to rent, and also erred in rendering judgment that it was appellant's duty to execute a new lease on the same terms and conditions as the old lease, except as to time and rental.

A careful examination of the entire record convinces us that there is no merit in either of these contentions. We are well aware of the fact that there is a clear distinction between the meaning of the expression "renewing a lease" and "extending the term" thereof (*Shamp* v. *White,* 106 Cal. 220 [39 Pac. 537]; *Robertson* v. *Drew,* 34 Cal. App. 143 [166 Pac. 838]; 15 Cal. Jur. 659), but we think the distinction is wholly immaterial under the facts of the case at bar. If the expression "an additional lease," used in the option, be construed as meaning "a renewal of the old lease," then it was incumbent upon respondent to give notice of his election to renew the lease within a reasonable time before the expiration of the original lease. This respondent did. If it be construed merely "as an extension of the terms of the old lease" (there being no special form of notice required by the option), respondent could have stayed in possession after the expiration of the old lease and that would have been a sufficient notice of its intention to exercise the option to extend the lease. But in this case the old lease had not expired when the notices of January 6 and January 22, 1925, were given, and respondent was in possession under the old lease; therefore, if the option be construed merely as providing for "an extension of the old lease," and respondent had stayed in possession after the expiration of the old lease, the notices would have been unnecessary. On the other hand, if the option be construed as calling "for a renewal," meaning a new lease, respondent has fully complied with all the requirements entitling it to a new lease upon the same terms and conditions as the old one, except as to time and rental. Therefore, whether it be treated as an option for a "renewal," as the trial court did, or as a "mere extension of the old lease," is wholly immaterial, for in either case the *terms and conditions are to be exactly the same.*

Respondent is clearly entitled to occupy the demised premises for five years from October 1, 1927, by paying a rental of $300 per month, and complying with all the terms and conditions of the old lease, and whether it does this under an extension of the old lease, or under a new lease containing the same terms and conditions, is wholly immaterial as far as appellant is concerned, and he certainly could not be prejudiced by being required to execute a new lease containing the same terms and conditions as the old one, with the exception that the rent would be increased to $300 per month, and the term five years.

We have examined the entire record with care and find no error that could be considered in any way prejudicial to the rights of appellant.

Appellant sought to have the option declared void solely on technical grounds, none of which has any substantial merit. The equities of the case are all on the side of respondent. Respondent paid a large consideration for the option, acted seasonably in exercising it, and should not be deprived of enjoying the fruits thereof, merely because some of the language used in the negotiations was awkward or ambiguous, when the intent and purpose thereof were clearly understood by all parties to the transaction. Appellant was not a party to the original lease or the option, but purchased the leased premises with full knowledge of respondent's lease and option, and also knew that respondent was in possession under the original lease.

The judgment should be affirmed, and it is so ordered.

Nourse, J., and Sturtevant, J., concurred.