[No. 12772. In Bank. — March 21, 1889.]

## CHARLES HASKELL, APPELLANT, *v.* JAMES E. DOTY, RESPONDENT.

DEED — DELIVERY — POSSESSION OF DOCUMENT FOR INSPECTION. — Where the grantee named in a deed obtains possession of the document by asking to be allowed to look at it, and then makes off with it against the will of the grantor, there is no delivery.

CONFLICT OF EVIDENCE. — Instance application of the rule.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Brousseau & Hatch,* and *Houghton, Silent & Campbell,* for Appellant.

*Wells, Van Dyke & Lee,* for Respondent.

There was no delivery of the contract in question. (*Harris* v. *Harris,* 59 Cal. 620; *Biederman* v. *O'Conner,*

117 Ill. 493; 57 Am. Rep. 876; *Bank of Healdsburg* v. *Bailhache,* 65 Cal. 327; *Hibberd* v. *Smith,* 67 Cal. 547; 56 Am. Rep. 726.)

HAYNE, C.—Suit for specific performance of a contract to convey certain real property; judgment for defendant; plaintiff appeals.

The question upon which the case turns is, whether the contract was delivered. The court below found that it was not. The findings set forth facts which show that the contract was delivered by the parties to one Green in escrow, the condition being that plaintiff should pay the sum of two thousand two hundred dollars within thirty days; that he failed to do so, and did not tender the money for more than six months thereafter; that Green, "understanding that the trade between the plaintiff and the defendant was off," returned the papers to the defendant; and that the plaintiff obtained possession of the contract from defendant by asking to be allowed to look at it, and upon its being handed to him for the purposes of inspection, making off with it against the will of the defendant.

It is contended for the plaintiff in the first place that the findings are contrary to admissions in the pleadings. The argument is, that the complaint alleges that the parties "entered into an agreement under their hands and seals, whereby the plaintiff agreed to buy, and the defendant agreed to sell," etc.; that this allegation was not denied, and that it imports a delivery of the paper, inasmuch as there can be no agreement without a delivery. But, assuming in favor of the appellant, that such is the construction to be put upon the allegation, we think that the answer sufficiently puts the delivery in issue. It avers that "at the time of entering into the agreement aforesaid," the agreement was by the parties deposited with said Green, upon the understanding that he should hold the same, and that plaintiff should pay

the amount above mentioned within thirty days; and that if he should fail to do so, "said trade should be considered off." This is not a very scientific way of pleading the non-delivery. But we think it will pass, especially in view of the fact that no objection to its sufficiency was made at the trial. But in addition to the foregoing, the answer avers in a separate defense "that said agreement was never delivered to said plaintiff, and that he never had a right to the same, but obtained possession thereof in a forcible and surreptitious manner, as aforesaid." And we think it would be straining this language to say that it refers only to "the manner in which the appellant possessed himself manually of the paper upon that occasion, and has no reference to the delivery thereof at the time of its execution."

It is contended, in the next place, that the evidence does not justify the findings. We think, however, that it very clearly appears that both parties did deposit the papers with Green at the time of their execution; that after a time Green returned them to the defendant; and that they were not subsequently delivered by the defendant to plaintiff, but that plaintiff obtained them against the will of the defendant, in an improper and reprehensible way. The only point which, in our judgment, is open to doubt is as to why or on what conditions the papers were deposited with Green. Green does not recollect that anything was said to him by the parties, or much about the transaction. The defendant's testimony is in substance as found by the court. He does not express himself with much formality, but he says: "Mr. Haskell and I went in there and made arrangements that Mr. Green should hold the contract for thirty days. At the expiration of thirty days Haskell was to pay two thousand two hundred dollars on the contract at that time, and he was to have possession of the place after the thirty days." "He was to pay the money to P. M. Green. He was the man who had the contract.

There was an understanding that he was to hold the contract until Mr. Haskell had settled it." And there was evidence of a declaration by the plaintiff to a third party to the effect that "the whole thing was off," which could not have been true if there has been an absolute delivery to the plaintiff. The fact that the defendant offered in his answer to return the sum of three hundred dollars, which he claimed was forfeited, does not seem to us of much significance. Upon the whole case, we think that the finding of the court, as to the understanding upon which the papers were left with Green, is within the protection of the rule as to conflicting evidence.

The other matters do not require special notice. We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.