[No. 18134. In Bank.—March 30, 1894.]

## GEO. W. STEWART, RESPONDENT, v. THE HELVETIA SWISS FIRE INS. CO., APPELLANT.

INSURANCE—AUTHORITY OF LOCAL AGENT OF FIRE INSURANCE COMPANY—OFFER TO RENEW POLICY.—Where the local agent of a fire insurance company has no actual or ostensible authority to contract for the renewal of a policy, a proposal made to such agent for renewal is, until communicated to and accepted by the insurance company, nothing more than a mere offer to renew the policy; and the fact that the agent promised to communicate the offer, and did not do so until after the loss, does not create a binding contract of renewal.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*T. C. Van Ness,* and *Bradley & Farnsworth,* for Appellant.

The agreement between the plaintiff and the local agent that the policy of insurance should be renewed was one for a renewal *in futuro* and not *in presenti* and was therefore not an effectual renewal. (*Taylor* v. *Phœnix etc. Ins. Co.,* 47 Wis. 365; *O'Reilly* v. *Corporation etc.,* 101 N. Y. 575; *Idaho Forwarding Co.* v. *Fireman's Fund Ins. Co.,* 8 Utah, 41.) If it be conceded that, as between plaintiff and the local agent Byrnes, it was intended to make a contract of insurance, Byrnes had no power to bind the company thereto, and, therefore,

what was done by him did not bind the company. (*Morse* v. *St. Paul etc. Ins. Co.*, 21 Minn. 407; *Critchett* v. *American Ins. Co.*, 53 Iowa, 406; 36 Am. Rep. 230; *Armstrong* v. *State Ins. Co.*, 61 Iowa, 215; *New York etc. Ins. Co.* v. *Johnson*, 23 Pa. St. 73. See, also, *Wilson* v. *German etc. Ins. Co.*, 14 N. Y. 418; *Merserau* v. *Phœnix etc. Ins. Co.*, 66 N. Y. 274; *Tate* v. *Citizens' etc. Ins. Co.*, 13 Gray, 79; *Harrison* v. *City etc. Ins. Co.*, 9 Allen, 231; 85 Am. Dec. 751; *Markey* v. *Mutual etc. Ins. Co.*, 103 Mass. 78; *Cooper* v. *Insurance Co.*, 7 Nev. 122; 8 Am. Rep. 705.)

*Daggett & Adams*, for Respondent.

The verbal contract for renewal of the policy in question was not a contract *in futuro*, but was a valid consummated contract. (11 Am. & Eng. Ency. of Law, pp. 280–83; *Westchester Fire Ins. Co.* v. *Earle*, 33 Mich. 143; *Wood* v. *Rutland etc. Ins. Co.*, 31 Vt. 552; *Day* v. *M. & T. Ins. Co.*, 88 Mo. 325; 57 Am. Rep. 416; *Renshaw* v. *Missouri etc. Ins. Co.*, 23 Am. St. Rep. 904; *Campbell* v. *Am. etc. Ins. Co.*, 73 Wis. 100; *Home Ins. Co.* v. *Adler*, 71 Ala. 516; 5 Lawson's Rights, Remedies, and Practice, sec. 2044; *Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235; 33 Am. Rep. 607.) The agent had authority to renew the policy and bind the company by such renewal. (See *Harron* v. *City of London Fire Ins. Co.*, 88 Cal. 16; *Farnum* v. *Phœnix Ins. Co.*, 83 Cal. 257; 17 Am. St. Rep. 233; *Wheaton* v. *North British etc. Ins. Co.*, 76 Cal. 420; 9 Am. St. Rep. 216; *Union etc. Ins. Co.* v. *Wilkinson*, 13 Wall. 234, 235. See, also, *Palm* v. *Medina etc. Ins. Co.*, 20 Ohio, 529; *Krumm* v. *Jefferson Fire Ins. Co.*, 40 Ohio St. 225.)

The COURT.—Byrnes, the local agent of defendant at Visalia, had no actual or ostensible authority to enter into a binding contract upon the part of defendant for the renewal of the policy held by plaintiff, and the proposal of plaintiff made to such agent for a renewal of said policy was, until communicated to and accepted by defendant, nothing more than a mere offer upon the

part of plaintiff to renew such policy. The fact that the agent promised to communicate the offer to defendant, and did not do so until after the loss, while it might make the agent liable to plaintiff for the damage sustained by him growing out of such neglect, did not have the effect to create a binding contract for renewal between the plaintiff and defendant.

Judgment reversed.