[L. A. No. 1003. Department Two.—February 28, 1902.]

## LOS ANGELES TRACTION COMPANY, Respondent, v. W. E. WILSHIRE et al., Appellants.

ACTION UPON NOTE—CONDITIONS—CONSTRUCTION OF STREET RAILWAY— TIME FOR COMPLETION—ORAL CONTRACT WITH AGENTS—AUTHORITY OF AGENTS—FINDINGS.—In an action upon a note given upon conditions expressed in a written contract, that a certain street railway should be completed, which expressed no time for completion, where the defendant relied upon an oral agreement with plaintiff's agents limiting the time therefor, a finding adverse to such oral agreement and to the authority of the alleged agents must be deemed correct, where there is no evidence tending to prove such authority.

ID.—REASONABLE TIME FOR COMPLETION—QUESTION OF FACT—FINDING. —What was a reasonable time for the completion of the road, in the absence of any agreement limiting the time, is a question of fact depending upon the circumstances of the case; and where there was no proof that the work was not completed within a reasonable time, a finding that the street-railway company plaintiff duly performed all of the conditions required of it, implies that the work was performed within a reasonable time.

ID.—UNILATERAL OFFER—ACCEPTANCE—EXPENDITURE FOR FRANCHISE— RESCISSION.—Where the unilateral offer of the defendant was accepted by the street railway company, and it incurred expenditure on the faith of it in securing a franchise, the contract became bilateral, and the offer could not thereafter be withdrawn, nor could there be any rescission of the contract without making the other party whole as to what he had parted with upon the faith of it.

ID.—USE OF PART OF ANOTHER STREET RAILWAY.—The use by the plaintiff of part of another street railway, in pursuance of section 499 of the Civil Code, for a distance of not more than five consecutive blocks, was a compliance with the contract to complete the road so far as relates to the blocks so used.

ID.—REASONABLE COMPLIANCE WITH CONTRACT—CONSTRUCTION OF DOUBLE TRACK.—The contract requiring the completion of a double-track street railway must receive a reasonable construction, and the company should only be held to a reasonable compliance therewith; and the use of the track of another company for a short distance, and the usual and proper construction of a single track in turning a corner, are not unreasonable departures from the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion.

Lee & Scott, for Appellants.

E. H. Lamme, E. E. Milliken, and Camp & Lissner, for Respondent.

GRAY, C.—The action is based on a written instrument, signed by appellants, and reading as follows:—

"$2,000.                    Los Angeles, Cal., July 19th, 1895.

"Thirty days after the completion of the double-track street railway of the Los Angeles Traction Company to the intersection of Seventh and Hoover Streets, for value received, I promise to pay to the order of the Los Angeles Traction Company, the sum of two thousand (2,000) dollars, negotiable and payable at Citizens' Bank, with interest at the rate of eight per cent per annum, payable after maturity. I further promise and agree to pay a reasonable attorney's fee if suit should be instituted for the collection of this note."

The above instrument was placed in the hands of the Citizens' Bank, together with a duly signed written escrow agreement, as follows:—

"To the Citizens' Bank, Los Angeles, Cal.: Herewith is handed you by the undersigned the following named notes, to be held in escrow upon the terms and conditions herein stated: You are requested to hold said notes in escrow until the completion of the line of railroad of the Los Angeles Traction Company, now being constructed in the city of Los Angeles westerly on Eighth Street to the vicinity of West Lake Park; thence by a route to be selected by said company westward on Seventh Street, and by one or more streets to the intersection of Hoover Street with Sixth Street bounding the south side of the West End University Addition to Los Angeles; thence west on said Sixth Street to Commonwealth Avenue; thence north on Commonwealth Avenue to First Street; thence west on First Street to Virgil Avenue. Upon completion and operation of the same with electric power you are instructed to deliver said notes to said Los Angeles Traction Company. In case a franchise for such street-car line to said Hoover Street is not obtained by said Traction Company within . . . months from date hereof, then, in that event, said notes shall be returned to their respective makers upon demand to be canceled. Said notes are made by the following named per-

sons and in the sums set opposite their names." Then follow the names of the parties giving the notes, including the names of these appellants, who also signed the said agreement.

The findings show that, on the faith of the foregoing instruments, and other instruments of like character executed by other parties, who, like defendants, were the owners of property that would be made valuable by the construction of the proposed road, the plaintiff, in November, 1895, less than four months from the execution of said instrument, bid and paid to the city of Los Angeles $1,505 for a franchise to construct the road over that part of the course agreed upon and within the city limits. Before the 28th of April, 1896, the plaintiff commenced work upon said railway, but said work was not performed, with the intention of prosecuting the construction of said railway continuously and with diligence to completion, and the plaintiff did not so commence work upon said railway with said purpose until after the first day of July, 1897. On July 1, 1897, defendants served upon plaintiff a written notice to the effect that they did not recognize any liability on account of the foregoing written contracts, for the reason that the road had not been completed within the time agreed upon. Soon after the service of this notice, the plaintiff actively engaged in the construction of the road and completed it, and commenced operating the same to the intersection of Seventh and Hoover streets, as provided for in said instruments, before the expiration of the year 1897. Thereafter, and on May 17, 1898, plaintiff completed its railway to First and Virgil streets. Upon these facts plaintiff had judgment for two thousand dollars, besides interest and attorney's fees. Defendants appeal from this judgment and from an order denying them a new trial.

1. Appellants contend that the instruments above set forth do not contain all the conditions of the contract involved in the case, but that there were certain oral representations and agreements, made by one Maltman and one Ivers, as agents of plaintiff, that make defendants' liability to plaintiff in any sum conditional upon a completion of the plaintiff's road at a much earlier date than that at which it was actually finished. The finding of the court, however, is adverse to appellants' contention, both as to the alleged agreement limiting the time and as to the agency of the persons named; and as we can find

no evidence in the record even tending to show any authority on the part of Maltman or Ivers to act as the agent of plaintiff in the matter of making contracts for it, we must hold the findings mentioned to be correct, and that the written instruments hereinabove set forth, unaffected by any oral negotiations or representations, constitute the contract between the parties, and these instruments express no time for the completion of the road.

2. Appellants contend that, even admitting that there was no agreement as to the time for the completion of the road, yet the road should have been completed within a reasonable time. If this be conceded to be the law, it does not help appellants; for the findings are to the effect that plaintiff "duly performed all and singular the acts and conditions required of it" by the note as well as by the escrow agreement. "Duly performed" may well be taken to mean that it was performed within a reasonable time. This finding is as specific as the pleadings are on the question of reasonable time, as there is no allegation in the answer or elsewhere that the work was not done within a reasonable time. The answer contains a defense as to time, but this is based solely on the alleged oral agreement that the road was to be completed within a given period. Admitting, however, for the purpose of the case, that the question of reasonable time was properly before the court, still it was a question to be decided on the evidence presented, and the condition of the evidence in that respect is aptly illustrated by a quotation from the opinion of the trial court as follows:—

"Whether or not this road was completed within a reasonable time must certainly depend upon the character of the enterprise, the obstacles to be overcome, the length of time required by diligent and proper effort to do the work. This would include an inquiry into the topography of the country, the amount and kind of the work necessary to make the improvement. Courts do not take judicial notice, however, of topography or of the physical condition of the streets and the town. There is no testimony which would indicate the length of time reasonably required for this work; hence I am unable to say that the same was not completed within a reasonable time, even though we have this great lapse between the granting of the franchise and the completion of the road."

*Quill* v. *Jacoby* (Cal. 1894), 37 Pac. Rep. 524, involved a

CXXXV. Cal.—42

contract to build a levee as part of a contract for the sale of land. There was a delay of four years in the construction of this levee, and upon this question the court, speaking through Searls, C., said:—

"What was a reasonable time for the construction of the levee (conceding that question to be involved) depended largely upon the magnitude and character of the work to be performed and all the surrounding circumstances. The facts entering into the question were peculiarly within the province of a jury, or the court sitting as such, and in the absence of any allegation or proof of advantages which would have accrued to appellant, by an earlier construction of the levee, or of damages to him by the delay, we are not prepared to say that the finding of the court is contrary to the evidence. *Non constat.* but that the fact that the last payment was deferred until the levee was completed may have fully compensated appellant for the delay."

3. The contract at the date of its making was unilateral, a mere offer that, if subsequently accepted and acted upon by the other party to it, would ripen into a binding, enforceable obligation. When the respondent purchased and paid upwards of fifteen hundred dollars for a franchise, it had acted upon the contract; and it would be manifestly unjust thereafter to permit the offer that had been made to be withdrawn. The promised consideration had then been partly performed, and the contract had taken on a bilateral character, and if appellant thereafter thought he discovered a ground for rescinding the contract, it was, as it always is, a necessary condition to the rescission that the other party should be made whole as to what he had parted with on the strength of the contract. The notice of withdrawal from the contract was ineffectual, therefore, for several reasons. In the first place, it was based on a wrong theory; the reason given for it was that the road was not constructed within the agreed time, when, as was determined subsequently by the court, there was no time agreed upon. Again, it came too late, after the obligations of the parties had become fixed.

4. The respondent purchased the right to, and used, the track of another street-railway company that had been previously built, for a distance of some eighteen hundred feet, and it is contended that this is not a compliance with the con-

tract to "build the road." We think the contract must be held to have been entered into with full knowledge of the law contained in section 499 of the Civil Code, which reads as follows:—

"Two lines of street railway, operated under different managements, may be permitted to use the same street, each paying an equal portion for the construction of the tracks and appurtenances used by said railways jointly; but in no case must two lines of street railway, operated under different managements, occupy and use the same street or tracks for a distance of more than five blocks consecutively."

The contract was complied with when this section was complied with, as to the portion of the line of railway affected by said section.

Leaving out of consideration the foregoing statute, we would say that the contract must receive a reasonable construction, and the company should be held only to a reasonable compliance therewith; and under this rule there is as little force in the contention based on the use of another company's track for a short distance as there is in the contention that the stipulation as to a double-track railway was not complied with for the reason that a single track only was constructed where the railroad turned a corner. The evidence was to the effect that this was the most practical and usual way to build a double-track street railway. (As to both these points, see *Missouri Pacific Ry. Co.* v. *Tygard,* 84 Mo. 263 ;[1] *Stockton and Visalia R. R. Co.* v. *City of Stockton,* 51 Cal. 328; *Fort Worth etc. Ry. Co.* v. *Williams,* 18 S. W. (Tex.), 206.)

5. The views already expressed dispose of the contention that a failure of consideration was established. The consideration for appellants' agreement was fully performed when the road was completed.

6. There seems to be a contention, or at least an assumption, in appellants' brief that there was something wrong with the franchise obtained for respondent's road; but as the findings are to the effect that the contract was duly performed by respondent, and appellants fail to point out wherein the record discloses any deficiency in the franchise, we assume, without further consideration, that there is nothing in this contention.

7. We have examined the specifications of error in rulings

[1] 54 Am. Rep. 97.

upon the admission of evidence, and find nothing for which the case should be reversed. The evidence excluded on the objection of respondent consisted, for the most part, in acts and declarations of persons not parties to this suit, and not shown to be in privity with either of said parties; and, of course, this was properly excluded.

The judgment and order appealed from should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.