[Civ. No. 2014.  Third Appellate District.—October 22, 1919.]

# W. R. CAMBRIDGE, Respondent, v. BENJAMIN C. RAMSER, Appellant.

[1] PLEADING—SALE OF SAWMILL AND TIMBER—FAILURE TO PAY—SUF-
FICIENCY OF COMPLAINT.—In this action arising out of an agree-
ment for the sale and purchase of a sawmill and certain logs
and timber, for which the vendee agreed to pay within a reasonable
time, the possession of which it was alleged the defendant was
wrongfully and unlawfully withholding from the plaintiff, the de-
fendant having been let into possession but not having paid any
part of the purchase price, although over six months had elapsed
and he had used over one hundred and fifty thousand feet of logs
and timber in running the sawmill and applied the sums realized
from the lumber produced for his own uses and purposes, the com-
plaint, though somewhat inartificially drawn, stated a cause of
action, and the general demurrer was properly overruled.

[2] ID. — REASONABLE TIME — QUESTION OF FACT — SPECIAL CIRCUM-
STANCES—NECESSITY TO SET UP IN ANSWER.—The question of
"reasonable time" is generally a question of fact and depends
upon the circumstances of each particular case.  If there are any
special considerations that would tend to rebut or to controvert
plaintiff's theory that a reasonable time has elapsed, it is in-
cumbent upon the defendant to set them up in his answer.

APPEAL from a judgment of the Superior Court of
Modoc County.  Clarence A. Raker, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Oscar Gibbons for Appellant.

Jamison & Wylie for Respondent.

BURNETT, J.—The plaintiff in the action alleged that
he is the owner of a certain sawmill and certain lands con-
nected therewith, upon which there is a large quantity of
timber suitable for manufacturing lumber; "that in the
month of January or February, 1918, the said defendant
represented to plaintiff that he could secure the necessary
money to purchase the said mill from plaintiff, and agreed
with plaintiff that if said plaintiff would place him in
the possession of the said sawmill and furnish him with
timber to run the said sawmill, he could and would procure

the money to pay plaintiff for the same within a reasonable time thereafter; that relying upon the said representation of defendant that he could within a reasonable time secure the money to pay to plaintiff the purchase price of said mill, plaintiff put the said defendant in possession of the said sawmill and furnished him with a large amount of logs then lying in the yard of said mill, and gave him permission to use the said logs for manufacturing lumber with the said mill, and gave him permission to cut and use the said timber standing and being on plaintiff's said land for use in the said mill; that the said defendant has failed and neglected to pay to plaintiff any part or portion of the purchase price of said mill, and has used in running the said mill all of said logs lying in said yard and has cut timber in said lands of plaintiff for the use of the said mill; that it was agreed that defendant would pay to plaintiff for the said sawmill the sum of five hundred dollars; that said defendant also agreed with plaintiff that he would pay him at the rate of one dollar per thousand feet for all logs and timber used by defendant in running the said sawmill, taken from the timber belonging to plaintiff as aforesaid. And that the said defendant has, since he took possession of the said sawmill, used therein about one hundred and fifty thousand feet of logs and timber in running the said sawmill, and has used the sums realized from the lumber produced from said logs and timber for his own uses and purposes and has paid nothing to plaintiff on account of said logs or timber; that all of the representations of defendant made to plaintiff to induce him to place the said defendant in possession of the said sawmill and furnish him with the said logs and lumber to the effect that he could and would procure the money to pay for the same within a reasonable time, were and are false and fraudulent, and were designedly, falsely, and fraudulently made by defendant to plaintiff, with the intention and for the purpose of inducing plaintiff, and did induce plaintiff to place the defendant in the possession of said sawmill and permit the defendant to use the said logs and timber.'' There is a further allegation that defendant is wholly insolvent and is threatening and intends to remain in possession of said sawmill, and to cut and use the plaintiff's said timber to plaintiff's great damage and loss, and that the

defendant is now wrongfully and unlawfully, and without right, withholding the possession of said sawmill from the plaintiff. There was a demurrer to the complaint upon the ground "that said complaint does not state facts sufficient to constitute any cause of action against the defendant herein." The demurrer was overruled, and defendant declining to answer, judgment by default was entered for plaintiff, from which the appeal has been taken.

[1] While the complaint is somewhat inartificially drawn, it is quite manifest that it states a cause of action, and that the general demurrer was properly overruled. Viewing the complaint in one aspect, we find the allegation of an agreement to sell on the part of plaintiff and to purchase by defendant a certain sawmill belonging to the former for the, sum of five hundred dollars, and also certain logs and growing timber on the land of plaintiff for the consideration of one dollar per thousand feet; that the purchase price was to be paid within a reasonable time; that in pursuance of said agreement defendant took possession of said property and has not paid any part of the purchase price. The only element of the agreement that is at all uncertain is as to the time when the purchase price was to become due. It appears, however, that the agreement was entered into in January or February of 1918, and the action was commenced on August 29th of the same year. This period might very properly be determined by the court to constitute a reasonable time; in other words, the facts were sufficient for the court to conclude that the obligation to pay the purchase price had matured. [2] If there were any special considerations that would tend to rebut or to controvert this theory, it was incumbent upon the defendant to set them up in his answer. The question of "reasonable time" is generally a question of fact and depends upon the circumstances of each particular case. (*Luckart* v. *Ogden*, 30 Cal. 547.) Again, the pleader has attempted to set up fraud, which would avoid the entire contract of sale and purchase. The facts are hardly alleged according to the accepted rules of pleading, but they are probably sufficient as against a general demurrer. Upon this theory the contract could be treated as entirely void and plaintiff could recover the possession of the property thus fraudulently obtained by defendant. In another view

of the complaint it may be regarded as an action to prevent and enjoin a threatened injury to real property in the nature of waste. (*Hatton* v. *Gregg*, 4 Cal. App. 545, [88 Pac. 594].) At any rate, since there was no demurrer for uncertainty, we are satisfied that the ruling of the lower court was correct and the judgment is, therefore, affirmed.

Ellison, P. J., *pro tem.*, and Hart, J., concurred.