[L. A. No. 9177. In Bank.—December 20, 1926.]

FLOYD A. SCHULTZ et al., Appellants, v. CITY OF
VENICE (a Municipal Corporation) et al., Respondents.

[1] APPEAL—BILLS OF EXCEPTIONS—SPECIFICATION OF INSUFFICIENCY
OF EVIDENCE—SECTION 648, CODE OF CIVIL PROCEDURE.—Specifica-
tions of the insufficiency of the evidence to support the findings
are expressly required by the provisions of section 648 of the
Code of Civil Procedure relating to bills of exceptions, which
provisions are mandatory, and in the absence of such specifica-
tions the question of the sufficiency of the evidence to sustain the
findings of the trial court cannot be considered upon an appeal
from the judgment.

[2] ID. — PUBLIC IMPROVEMENTS. — Where the owners of marsh-land
caused the same to be reclaimed and laid out in lots, blocks,
streets, and intercommunicating waterways converging into an
artificial lagoon and connected with the adjacent ocean, in con-
formity with a map of the tract filed for record, and caused the
banks of these waterways to be cemented and planted with trees,
vines, and shrubbery, and to be ornamented with a particular
type of architecture, causing archways and bridges to be built
in harmonious designs at such elevations as not to interfere with
the use of the waterways for boating, canoeing, and other aquatic
purposes, the lagoon being provided for swimming, and other water
sports, the streets intersecting the canals being adapted for
residential purposes and the adjacent lands subdivided into resi-
dential lots and the unique features advertised in the sale of the
lots, in a suit against a city built upon the area to prevent it
and its officers from proceeding to convert the waterways into
surface streets, the sufficiency of the evidence to support the
findings cannot be reviewed on appeal, in the absence of specifi-
cations of the insufficiency of the evidence, where the answers
sufficiently tendered the issue as to the original dedication of the
waterways and adjacent premises to public uses, and the findings
covered the issues and showed that the case was tried upon the
theory that the issues were sufficiently tendered by the pleadings
and that therefore, findings were required thereon.

(1) 4 C. J., p. 243, n. 84, p. 535, n. 8, p. 537, n. 9.    (2) 4 C. J.,
p. 775, n. 47.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Harry A. Hollzer, Judge. Affirmed.

1.  See 2 Cal. Jur. 709.

The facts are stated in the opinion of the court.

McClure, Griffin & Yokum for Appellants.

Jess E. Stephens, City Attorney, and Lucius P. Green, Assistant City Attorney, for Respondents.

George Acret, *Amicus Curiae.*

RICHARDS, J.—This is an appeal from a judgment of the superior court in and for the county of Los Angeles denying the plaintiffs an injunction. In their complaint praying for the relief the plaintiffs allege that they are residents of and owners of property within the corporate limits of a municipal corporation known as "The City of Venice" and situate within the county of Los Angeles; that the duly constituted municipal officers thereof have instituted and are about to carry forward certain public improvements therein under and by virtue of the Improvement Act of 1911 [Stats. 1911, p. 730], and the amendments thereto, which, if permitted to be consummated, will result in the assessment of the properties of said plaintiffs, and each of them, to pay the costs and expenses of said improvements. Said plaintiffs also sue in their capacity as members of the general public, contending that said proposed improvements are unlawful for the reasons hereinafter to be set forth. In support of their foregoing averments the plaintiffs aver in substance the following to be the facts of the case. During the years 1904–5 and for some years thereafter the Abbot Kinney Company, a corporation, was the owner and in possession of a tract of marsh-land lying along the coast line near the city of Ocean Park in the county of Los Angeles, which those in control of it conceived the idea of reclaiming and creating thereon a city to be known as "Venice of America," with a system of waterways and canals resembling those of the city of Venice, Italy. In accordance with this conception the corporation caused the lands to be reclaimed and laid out in lots, blocks, streets, and intercommunicating waterways converging into an artificial lagoon and connected with the adjacent ocean, all in conformity with the outlines of a map of the tract which the corporation caused to be prepared and filed for record with the county recorder of said county.

The corporation also caused the banks of these waterways, or so-called canals, to be cemented and the strips of land adjacent thereto to be planted with trees, vines, and shrubbery and to be ornamented with structures of Italian types of architecture, and also caused archways and bridges to be built in harmonious designs and at such elevations as would not interfere with the use of these waterways for boating, canoeing, and other aquatic purposes and pleasures. The lagoon into which these waterways converged was also provided with structures suitable for such public pleasure purposes as swimming, diving, water sports, and festivities. The streets intersecting these canals were also laid out and so improved as to be adapted for residential purposes and the lands adjacent thereto were subdivided into residential lots and tracts, and when these designs and improvements were well under way were offered for sale upon a plan of advertising which emphasized the unique features of this particular dream city as the proposed "Venice of America," with the result that the lots and tracts within the same were largely sold to residential buyers who thereafter built and occupied residences thereon. The plaintiffs herein, or their predecessors, were among those who were thus induced to purchase and improve and reside upon the lots and tracts therein thus advertised and sold. With respect to the foregoing facts there appears to be no controversy between the parties hereto and they are fully set forth in the findings of the trial court. The plaintiffs further allege that by the foregoing acts and conduct of said corporation in the conception and carrying out of the plans and purpose of creating upon said tract the so-called "Venice of America" with its waterways, lagoon, and other artificial resemblances to the old world city, and by the adaptation thereof to those public purposes, sports, and pleasures which would constitute the natural and appropriate uses of such waterways and lagoon, and in the devotion of the same to such purposes through a series of years, and in the system of promotion and advertising by which the said corporation disposed of a large portion of the residential and other lots and tracts within the limits of said city, the said corporation had long prior to the year 1925 wrought a dedication of the areas covered by said waterways and lagoon and the banks and strips of land adjacent thereto to public purposes, and also

that the uninterrupted public use thereof during all of these
intervening years had so consummated and effectuated such
dedication thereof to such uses as to result in the setting
apart and devotion of said waterways and their immediately
adjacent lands to such public uses and purposes forever. · The
plaintiffs further allege that the said corporation by its afore-
said representations made in the course of the advertisement
and sale of the residential and other lots and tracts within
the area of said city, whereby˙ the plaintiffs and the inhabi-
tants generally within the same were induced to buy and
build upon and occupy their several homes and properties
therein, were such as to entitle the said plaintiffs represent-
ing themselves and all the other residents and property
owners within said city to the full benefit of such dedication
of said waterways and their immediately adjacent lands as
delineated upon the recorded map of the same to such public
purposes and to claim an estoppel of said corporation and of
its successor or successors in interest from the assertion of
any right to devote said dedicated areas to other than such
specified purposes or to interfere with or destroy the utiliza-
tion thereof for the purposes to which they had been fully
dedicated and devoted during a long series of years, and the
plaintiffs ·particularly allege that the defendants, by the
proposed plan of improvement of said areas under the act of
1911 as contemplated and as in the course of being carried
forward by them, will destroy the public uses to which said
waterways and their said adjacent strips of land have thus
been dedicated and devoted to the irreparable injury of the
said plaintiffs and the public at large.    Wherefore they sought
the injunctive relief prayed for in their said complaint.    The
defendants, constituting the City of Venice, a municipal
corporation, and also the officers and trustees and also the
Abbot Kinney Company, a corporation, duly appeared and
answered herein, their said answer and the amendments
thereafter offered thereto embracing certain admissions and
denials to be hereinafter considered.    Thereupon the re-
spective parties to the action entered into certain stipulations
relating to the procedure in the course of the trial of the
action and the presentation of certain of the evidence to be
produced by the respective parties in the form of affidavits.
The cause then came on for trial, pursuant to the procedure
outlined in said stipulations before the court sitting without

a jury; and having been thus tried and submitted the trial court in due time filed its findings of fact and conclusions of law, and upon the basis thereof caused its judgment to be entered in favor of the defendants, denying to the plaintiffs any injunctive relief. Thereafter a bill of exceptions was duly prepared, certified, and filed and this appeal by the plaintiffs taken.

[1] The primary question presented for our consideration upon this appeal relates to the sufficiency of the record herein to present the main question which the plaintiffs seek to have determined. The bill of exceptions presented herein, while it contains a considerable amount of the evidence presented at the trial in the form of affidavits in support or dispute of the issues embraced in the pleadings, does not contain any specification of the insufficiency of the evidence to sustain the findings of the trial court. Such specifications are expressly required by the provisions of section 648 of the Code of Civil Procedure relating to bills of exceptions, and it has been uniformly held that such provisions are mandatory and that in their absence the question of the sufficiency of the evidence to sustain the findings of the trial court cannot be considered by this court upon appeal from the judgment. (*Beeson* v. *Schloss,* 183 Cal. 618 [192 Pac. 292]; *Mills* v. *Brady,* 185 Cal. 317 [196 Pac. 776], and cases cited.)

[2] The appellants herein contend, however, that the foregoing rule of procedure has only application to those matters which are put in issue by the pleadings, and that as to the question of the dedication of the waterways with their adjacent lands and premises to which this action particularly relates, arising out of the acts and conduct of the defendant Abbot Kinney Company in connection with its conception and execution of its designs for the creation of the unique community to be known as ''Venice of America,'' and also as to the consummation of such dedication to the particular public uses to which said waterways and their adjacent premises were devoted through the public use thereof during a long series of years, the averments of the plaintiffs' pleadings have not been sufficiently denied by the defendants' answer or the amendments thereto, and hence were not in issue so as to require any findings on the part of the trial court; and that this being so no specification of the insufficiency of the evidence to sustain those undenied and thus admitted

avernents was required. When we examine the pleadings in the case in the light of this contention we are constrained to hold that there was, to say the least of it, some attempt on the part of the defendants to deny those averments of the plaintiffs' complaint which tendered the issue as to the original dedication of these waterways and their adjacent premises to the particularly alleged public uses, and also to deny the alleged consummation of such dedication to such uses through the public acceptance of the same. Whether these denials would have been deemed sufficient to have presented the particular issue if tested by demurrer to the defendants' answer or by motion for judgment upon the pleadings we do not deem it necessary to determine. When we look to the findings of the trial court for the purpose of ascertaining what issues in the case it deemed to be before it and hence to require findings, we discover that court did in fact make findings upon this particular issue; and this being so, we must conclude that the cause was tried before it upon the theory that such issue was sufficiently tendered by the pleadings and that the court was, therefore, required to make findings thereon. The findings of the trial court expressly negative the dedication of the said premises either by the acts and conduct of the defendant corporation with relation thereto, or by the subsequent user thereof by the public. In that connection the findings of the court are to the effect that the plans and purposes of said corporation with relation to the laying out, construction, opening, and sale of the said tract of land were such as to merely amount to a dedication of the canals and waterways thereon and of the lands immediately contiguous thereto to the public at large as public ways for all way purposes, and that the public use thereof continuously and for a long period, without objection or limitation on the part of said corporation, amounted to a public use thereof for all way purposes and not otherwise. The trial court further found that as to the plaintiffs herein their rights and interests in said waterways and canals were not other or different from those of the public at large. Based upon these findings of fact and upon the further finding that the said Abbot Kinney Company, having retained the title to lands upon which said waterways and canals were located, subject to the aforesaid public easement and use, had, by sufficient conveyance, transferred to

the City of Venice, a municipal corporation, in the year 1912 its title in fee to said areas, and that the said City of Venice after maintaining said waterways and canals as such public ways for a number of years had finally determined that said public ways would be more useful to the public through their conversion into surface streets and hence had initiated and was proceeding with the improvement of the areas thereof as such under the Improvement Act of 1911, the trial court, as its conclusion of law, found that the plaintiffs were not entitled to the relief prayed for in their complaint. Considering these findings as a whole and in the light of the record before us, we are constrained to hold that they so far dispose of the questions sought to be litigated by the parties to this action as to have required specifications of insufficiency of the evidence to sustain them in order to enable us to consider and dispose of that question upon this appeal. The appellants herein present no other question nor do they in any manner assail the sufficiency of the proceedings had and taken under the act of 1911 for the public improvement of the premises in accordance with the provisions of said act and of the amendments thereto. It follows that the judgment of the trial court upholding such proceedings and denying said plaintiffs the relief sought from the operation and effect thereof was not erroneous and that the same should be and is hereby affirmed.

Shenk, J., Seawell, J., Curtis, J., Waste, C. J., and Sullivan, J., concurred.