L. E. WINN, Administrator, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellee.

No. 42011.

OCTOBER 17, 1933.

Fred H. Free and Robert J. O'Connor, for appellant.

Gleysteen, Purdy & Harper, for appellee.

MITCHELL, J.—The appellant's intestate, Elizabeth Winn, during her lifetime made application for insurance in the amount of $500 with the appellee company; said application being dated August 14, 1931. The application was made through the Sioux City agency of the appellee company. The type of insurance applied for was industrial insurance, and no physical examination was required. The applicant died on September 1, 1931, at which time she had not received the policy of insurance for which she had applied. This action was brought by the appellant to recover $500 against the John Hancock Mutual Life Insurance Company for damages because of its negligent failure to complete a contract of insurance with the appellant's intestate. The appellant contends that the appellee was liable because it negligently failed to take any action upon the said application prior to the death of said intestate, and was negligent in forwarding and in passing upon the application and in delivering the policy of insurance issued upon the application. The appellee admitted that the application of insurance had been made on the date stated, but denied that it was in any manner negligent in acting upon the application. The case proceeded to trial, the appellant introducing his evidence, and at the close of the appellant's evidence the insurance company moved for a directed verdict on the ground that there was not sufficient evidence to submit the case to the jury. The lower court sustained the motion and directed a verdict against the appellant, and from such ruling the appellant has appealed to this court.

The specific charge of negligence in this case is unreasonable delay on the part of the insurance company in acting or passing upon an application for insurance before the death of the applicant. It therefore follows that the burden was on the appellant to prove that the delay in this case from August 14, 1931, the date of the application, to September 1, 1931, the date of the applicant's death, was unreasonable.

In the case of Duffie v. Bankers Life Association, reported in 160 Iowa 19, on page 27, 139 N. W. 1087, 1090, 46 L. R. A. (N. S.) 25, this court said:

"Having solicited applications for insurance, and having so obtained them and received payment of the fees or premiums exacted, they are bound either to furnish the indemnity the state has authorized them to furnish or decline so to do within such reasonable time as will enable them to act intelligently and advisedly thereon or suffer the consequences flowing from their neglect so to do. Otherwise the applicant is unduly delayed in obtaining the insurance he desires, and for which the law has afforded the opportunity, and which the insurer impliedly has promised, if conditions are satisfactory. Moreover, policies or certificates of insurance ordinarily are dated as of the day the application is signed, and, aside from other considerations, the insurer should not be permitted to unduly prolong the period for which it is exacting the payment of premium without incurring risk."

It will be noted that in the case of Duffie v. Bankers Life Association, above cited, the policy or certificate in that case was dated as of the day the application was signed, while in the case at bar the undisputed record shows that the policy was to be dated and become effective and the premium payable a week after the application was accepted and the policy written up; it being the obvious intention of the parties to make the insurance effective and the premium payable after the policy had been delivered.

The only evidence that the appellant offered was to show that the time required for the mere conveyance of a letter in the mail from the post office at Sioux City to the post office in Boston, the home of the insurance company, and from the post office in Boston back to the post office in Sioux City, was four days, leaving no allowance for making deliveries to and from the respective post offices or considering an application and writing up the policy and for any of the necessary incidental clerical work. The appellant also showed by a former agent of the insurance company that the usual practice of the company was to take such applications through its soliciting agents during the secular days of each week and on the following Sunday mail all such applications as appeared to be regular to the home office at Boston, Mass., where, on the following Wednesday, they were acted upon and the policies issued and mailed

to the Sioux City office, dated to become effective on the Wednesday of the next following week. They usually arrived in Sioux City the Friday after the Wednesday they were actually written up. The record shows that, if the application did not get in the Sunday morning mail to the home office, the effective date of the resulting insurance would be one week later than it otherwise would have been. It thus appears that on the company's regular schedule, if an application was taken on Wednesday, the effective date of the resulting insurance would be on Wednesday of the second week following, and that therefore the average time required for procuring such insurance was fourteen days, and that, if the application was not in proper order, there might be an additional delay of a few days. This was the ordinary and regular procedure that the insurance company followed. This was an industrial policy. Large numbers of these policies are written in small amounts. An insurance company engaged in writing these weekly premium policies must adopt some form of division of labor and of regular routine for handling of such business. The question is, "Can it be said that such practice is unreasonable?" There is not in this record one single word of evidence to show that the manner in which the appellee company handled this application was not reasonable and was not the best method for all concerned.

██ Of course, it is also necessary, in order to recover for injury to or loss of any right, whether it be accrued or in the making, to show the extent, character, and value of the right. In this case it was clearly incumbent on the appellant to prove the contract of insurance, if not its exact terms and conditions, at least its substance, of which he claims his intestate was deprived. There is no evidence in the record as to the contract of insurance or as to the substance of the alleged contract of insurance. The failure to prove this essential of his case was fatal to the appellant, and the trial court upon the record submitted in this case had no other alternative than to direct a verdict, and the lower court was correct in so directing. This case must be, and it is hereby, affirmed.

ALBERT, C. J., and EVANS, STEVENS, ANDERSON, and KINTZINGER, JJ., concur.