[Civ. No. 10662. Second Appellate District, Division One.—June 19, 1936.]

EDITH LUCAS, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Respondent.

Thomas F. McCue and Clifton Hildebrand for Appellant.

Loeb, Walker & Loeb and Herman F. Selvin for Respondent.

ROTH, J., *pro tem.*—Plaintiff is the widow of deceased Eben Lucas, who, on January 15, 1933, at Alhambra, California, made application for a policy of accident insurance in the sum of $5,000. Deceased will hereinafter be referred to as "applicant". The application was received at the home office of the Metropolitan Life Insurance Company, hereinafter called "company", on February 1, 1933. On February 3d, in response to said application the company transmitted to its Alhambra office an accident policy with amended application which set forth additional specific information as to the nature and character of the applicant's employment. The letter of transmittal accompanying said

documents stated directly that the policy enclosed was not to be delivered unless the amended application was signed by applicant after verification of the facts stated therein by the company's agent. On March 20, 1933, the Alhambra agent of the company advised applicant of the situation, whereupon the agent was informed by applicant that he could not sign the amended application, because the particulars in which the application had been amended were contrary to the facts. The agent then informed applicant that the policy could not be delivered, it appearing from the discussion which ensued between applicant and agent immediately thereafter that applicant's business was such that he could not be classed as a preferred risk. It was suggested by the agent that if applicant reduced the face of the policy to $3,000, that he then, as an ordinary risk, could obtain a $3,000 policy for the same premium that he could have obtained the $5,000 policy, if he had been accepted as a preferred risk. To this suggestion applicant agreed and paid $10 on account of the first premium, for which the agent receipted. On March 25th, the agent wrote to the company stating the facts with regard to applicant's employment, and asking that the policy be reduced to $3,000. Upon receipt of this letter by the company on April 7, 1933, it was referred to its health underwriter, who dispatched a letter to Alhambra asking the agent for more detailed information as to applicant's occupational duties. This letter stated that when the information requested was received, applicant's request for the $3,000 policy as an ordinary risk would be considered. The letter of the health underwriter was received in Alhambra on April 14th, and in the meantime, particularly on April 7th, the applicant in the performance of his occupational duties was killed.

It is not clear whether plaintiff seeks to recover on the theory of tort or contract. One of her theories is that a contract for insurance to the reduced amount of $3,000 was actually made on March 20, 1933; the other, that by reason of the agent's negligence in failing to communicate the information obtained by him on March 20th to the company until April 6th, a policy was not issued or delivered to applicant to the damage of the plaintiff in the sum of $3,000. In view of the findings of the trial court, we are convinced that plaintiff is not entitled to recover on either theory. ■ The

trial court found as facts, that the agent had no authority to enter into a contract of insurance binding on the company; that the $5,000 policy was not issued or delivered; that the $3,000 policy was never issued or delivered; that on March 20, 1933, when applicant learned of the necessity for signing the amended application, he gave the true facts to the agent and asked if the $3,000 policy could be issued for the same premium; that there was no agreement between applicant and agent for the issuance of the $3,000 policy; that there was no negligence in the conduct of the home office, or in that of the agent with reference to the letters exchanged on the subject of additional information; that the agent's failure to transmit prior to March 25th, the information received on March 20th, was not negligent, nor was it the proximate cause of the plaintiff's loss, and that "Under and by virtue of the terms of the written application attached hereto and marked Exhibit 'A', said Eben Lucas agreed in writing that no insurance would be in force on said application unless and until a policy was delivered to him in person and the full premium stipulated in such policy was received by defendant (company) in cash, and that said policy should not cover any accident occurring prior to such delivery and payment of full premium." These findings of the trial court must be accepted as facts since there are no specifications of insufficiency of the evidence to support them or any of them. (Code Civ. Proc., sec. 648; *Bernstein* v. *Minney*, 96 Cal. App. 597, 599 [274 Pac. 614]; *Crow* v. *Crow*, 168 Cal. 607, 611 [143 Pac. 689]; *Schultz* v. *City of Venice*, 200 Cal. 50, 54 [251 Pac. 913].)

Because of other questions raised, we have scrutinized the entire record and find that all of the findings briefly above stated have ample support in the evidence, and in our opinion are decisive of the case on either theory. The trial court concluded from ample facts that no contract of insurance had ever been consummated, and was justified in further concluding that there was no negligence properly chargeable to company, which could be considered the proximate cause of plaintiff's alleged loss.

There were no facts upon which the court could properly make a finding that the agent had authority to make a binding contract of insurance for company. The court, as already stated, did find otherwise, and this finding is not attacked. The company therefore was not bound by any

agreement the agent might have made, and the finding is that no agreement was made. (*Toth* v. *Metropolitan Life Ins. Co.*, 123 Cal. App. 185, 193 [11 Pac. (2d) 94] ; *Western Indemnity Co.* v. *Industrial Acc. Com.*, 182 Cal. 709, 721 [190 Pac. 27].)  ▇  The finding that neither policy was issued or delivered, based even upon the facts that have been scantily summarized, is sound as a matter of law. (Civ. Code, sec. 1626; *Haskell* v. *Doty,* 78 Cal. 424 [21 Pac. 10] ; *Harris* v. *Harris*, 59 Cal. 620, 622; *Bradley* v. *New York Life Ins. Co.*, 275 Fed. 657; *John Hancock Mutual Life Ins. Co.* v. *McClure*, 218 Fed. 597; *Hruska* v. *Prudential Ins. Co.*, 203 Iowa, 1165 [211 N. W. 858].)  ▇  Mere delay in acting on an application does not create a contract of insurance. (*Stewart* v. *Helvetia Swiss Fire Ins. Co.*, 102 Cal. 218, 219, 220 [36 Pac. 410] ; *Leslie* v. *Brown Brothers Incorporation*, 208 Cal. 606, 621 [283 Pac. 936] ; *Giddings* v. *Northwestern Mutual Life Ins. Co.*, 102 U. S. 108, 111 [26 L. Ed. 92] ; *Bradley* v. *Federal Life Ins. Co.*, 295 Ill. 381 [129 N. E. 171, 15 A. L. R. 1021].)

▇  The issue of negligence is raised solely by reason of the delay in transmitting the information obtained on March 20th. The trial court found there was no negligence, and this finding is not attacked. As a matter of law, it is settled, with rare exceptions, that what is a reasonable lapse of time is within the sound discretion of the trial court. (*Hoppin* v. *Munsey*, 185 Cal. 678; 684 [198 Pac. 398] ; *Los Angeles Traction Co.* v. *Wilshire*, 135 Cal. 654, 657, 658 [67 Pac. 1086] ; *Cambridge* v. *Ramser*, 43 Cal. App. 722, 724 [185 Pac. 862] ; *Winn* v. *John Hancock Mutual Life Ins. Co.*, 216 Iowa, 1249 [250 N. W. 459, 460].)

Since these material issues are decisive of the case, it would serve no useful purpose to treat other questions raised, i. e., that there was no proof that the, or any, policy of insurance could have been obtained by applicant; whether the cause of action on the theory of negligence survives; if there is a survival, who is the proper party plaintiff; even if negligence were found to exist, whether the agent or the company was liable; and, assuming negligence of the agent, was it the proximate cause of the alleged loss? We therefore express no opinion on these questions.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1936.